Jagtar SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75981.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 22, 2007.

Surjit Singh, Esq., Law Office of Surjit Singh, APC, Anaheim, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Floyd G. Short, John McKay, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Jagtar Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying Singh's requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review for substantial evidence the IJ's determinations of eligibility for asylum. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The IJ's adverse credibility finding was based on numerous material disparities between Singh's asylum application, his February 1999 testimony, and his December 2002. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (holding that inconsistencies about the number of arrests and events leading up to an arrest are material). The IJ also found his testimony to be insufficiently detailed compared to his asylum application. *Cf. Singh–Kaur v. INS,* 183 F.3d 1147, 1153 (9th Cir.1999). The IJ's credibility determination is supported by substantial evidence. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Accordingly, Singh failed to show eligibility for asylum, withholding of removal, or CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

We do not consider Singh's contention that he was entitled to counsel at his December 2002 hearing because he did not

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**694**

raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

We reject Singh's contention that the IJ should have inquired further into Singh's health before proceeding with cross examination because we agree with the BIA that Singh failed to show that the proceeding was fundamentally unfair. *See Ladha v. INS*, 215 F.3d 889, 903 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**